UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MOHAMMED A. TIPOO, on behalf of himself and all others similarly situated,

Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

Defendant.

**Civil Action No. 11-cv-5270**

**DEFENDANT ENHANCED RECOVERY COMPANY, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant Enhanced Recovery Company, LLC ("ERC"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1. ERC admits that Plaintiff purports to bring an action for damages under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and New York General Business Law § 399-p ("GBL"), but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 1.

**JURISDICTION AND VENUE**

2. ERC admits this Court has federal jurisdiction only over Plaintiff's FDCPA Claim.

3. ERC denies the allegations in ¶ 3.

4. ERC denies the allegations in ¶ 4.

5. ERC admits the allegations in ¶ 5 for venue purposes only.

**PARTIES**

6. ERC denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

7. ERC denies the allegations in ¶ 7 as calling for a legal conclusion.

8. ERC admits the allegations in ¶ 8.

9. ERC admits only that when it operates as a debt collector as defined by 15 U.S.C. §1692(a)(6), that certain of its activities may be regulated by the FDCPA. Except as specifically admitted, ERC denies the allegations in ¶ 9.

**STATUTORY BACKGROUND**

10. ERC denies the allegations in ¶ 10 as calling for a legal conclusion and states further that the FDCPA speaks for itself and is the best evidence of its content.

11. ERC denies the allegations in ¶ 11 as calling for a legal conclusion and states further that the FDCPA speaks for itself and is the best evidence of its content.

12. ERC denies the allegations in ¶ 12 as calling for a legal conclusion and states further that the TCPA speaks for itself and is the best evidence of its content

13. ERC denies the allegations in ¶ 13 as calling for a legal conclusion and states further that the TCPA speaks for itself and is the best evidence of its content.

14. ERC denies the allegations in ¶ 14 as calling for a legal conclusion and states further that the TCPA speaks for itself and is the best evidence of its content.

15. ERC denies the allegations in ¶ 15 as calling for a legal conclusion and states further that the GBL speaks for itself and is the best evidence of its content.

16. ERC denies the allegations in ¶ 16 as calling for a legal conclusion and states further that the GBL speaks for itself and is the best evidence of its content.

17. ERC denies the allegations in ¶ 17 as calling for a legal conclusion and states further that the GBL speaks for itself and is the best evidence of its content.

**DEFENDANT'S ILLEGAL CONDUCT**

18. ERC denies the allegations in ¶ 18.

19. ERC denies the allegations in ¶ 19.

20. ERC denies the allegations in ¶ 20.

21. ERC denies the allegations in ¶ 21.

22. ERC denies the allegations in ¶ 22.

23. ERC denies that it called Plaintiff and therefore denies the allegations in ¶ 23.

24. ERC denies the allegations in ¶ 24.

**CLASS ALLEGATIONS**

25. ERC admits Plaintiff purports to bring this action as a class action, but denies it meets the requirements of Fed. R. Civ. P. 23

26. ERC denies the allegations in ¶ 26.

27. ERC denies the allegations in ¶ 27.

28. ERC denies the allegations in ¶ 28.

29. ERC denies the allegations in ¶ 29.

30. ERC denies the allegations in ¶ 30.

31. ERC denies the allegations in ¶ 31.

32. ERC denies the allegations in ¶ 32.

33. ERC denies the allegations in ¶ 33.

34. ERC denies the allegations in ¶ 34

35. ERC denies the allegations in ¶ 35.

36. ERC denies the allegations in ¶ 36.

37. ERC denies the allegations in ¶ 37.

**AS AND FOR A FIRST CAUSE OF ACTION**

38. ERC repeats and reiterates its answer to the allegations in ¶¶ 1 through 37 as if same were set forth herein at length

39. ERC denies the allegations in ¶ 39.

40. ERC denies the allegations in ¶ 40.

**AS AND FOR A SECOND CAUSE OF ACTION**

41. ERC repeats and reiterates its answer to the allegations in ¶¶ 1 through 40 as if same were set forth herein at length

42. ERC denies the allegations in ¶ 42.

43. ERC denies the allegations in ¶ 43.

44. ERC denies the allegations in ¶ 44.

**AS AND FOR A THIRD CAUSE OF ACTION**

45. ERC repeats and reiterates its answer to the allegations in ¶¶ 1 through 44 as if same were set forth herein at length

46. ERC denies the allegations in ¶ 46.

47. ERC denies the allegations in ¶ 47.

48. ERC denies the allegations in ¶ 48.

**PRAYER FOR RELIEF**

49. ERC denies that Plaintiff is entitled to the relief requested in the final paragraph of his Complaint, which begins "PRAYER FOR RELIEF."

AND NOW, in further Answer to the Complaint, Defendant Enhanced Recovery Company, LLC, avers as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against ERC upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established and in the event ERC is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**THIRD AFFIRMATIVE DEFENSE**

Assuming plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

**FOURTH AFFIRMATIVE DEFENSE**

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of ERC, or for whom ERC is not responsible or liable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff fails in whole or in part to satisfy the requirements for a class action.

**SIXTH AFFIRMATIVE DEFENSE**

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

**SEVENTH AFFIRMATIVE DEFENSE**

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

This Court has no subject matter jurisdiction over the TCPA and GBL § 399-p claims.

**NINTH AFFIRMATIVE DEFENSE**

One or more of the telephone calls were not made to a wireless, i.e., cellular, telephone.

**TENTH AFFIRMATIVE DEFENSE**

The phone calls made by ERC are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C.§ 227(b)(2)(b) & 47 C.F.R. § 64.1200(a).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has a business relationship with the creditor, and this business relationship extends to ERC, the creditor's debt collector.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff consented to receiving calls for the account at issue.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Hobbs Act, 28 U.S.C. § 2342, bars this Court from overruling the FCC Orders, which exempt the calls from the TCPA.

WHEREFORE, Defendant Enhanced Recovery Company, LLC, respectfully requests this answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed with prejudice at Plaintiff's costs pursuant to Federal and State law, plaintiff be ordered to pay reasonable attorney's fees and costs for ERC, and for all other general and equitable relief.

Dated: December 12, 2011

Respectfully submitted

/s/ Aaron R. Easley

Aaron R. Easley (73683)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorneys for Defendant
Enhanced Recovery Company, LLC

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of December 2011, a copy of **Defendant Enhanced Recovery Management, LLC's Answer and Affirmative Defenses** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Aytan Y. Bellin, Esq.
85 Miles Avenue
White Plains, New York 10606
Tel.: (914) 358-5345
Fax: (212) 571-0284
E-mail: aytan.bellin@bellinlaw.com
Attorneys for Plaintiff and the Class

By: /s/ Aaron R. Easley
Aaron R. Easley, Esq.
Attorney for Defendant
Enhanced Recovery Management, LLC